UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SCOTT ADAM KANTROWITZ,

                 Plaintiff,

      -against-                                  **ORDER**
                                                                                                   21 CV 642 (CLP)

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
------------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

       On February 5, 2021, plaintiff Scott A. Kantrowitz ("plaintiff") commenced this action against the Commissioner of Social Security ("Commissioner"), alleging that he was wrongfully denied Social Security benefits. (ECF No. 1). On December 3, 2021, the Honorable William F. Kuntz, II So Ordered the parties' stipulation, reversing and remanding the Commissioner's decision for further consideration by an Administrative Law Judge ("ALJ"). (ECF No. 16).

       Currently pending before this Court is plaintiff's counsel's Motion for $47,991.75 in attorney's fees, pursuant to Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 20). For the reasons set forth below, the Court grants counsel's request and awards fees in the amount of $47,991.75.

## BACKGROUND

       On January 2, 2018, plaintiff applied for Social Security Disability benefits ("SSDI") under Title II of the Social Security Act, and Supplemental Security Income benefits ("SSI") under Title XVI of the Act, claiming an onset of disability on January 1, 2016. (Binder Aff.[1] ¶

---

[1] Citations to "Binder Aff." refer to the Affirmation of Charles E. Binder, Esq., filed September 12, 2023 (ECF No. 20-4).

1). When his claim was denied, plaintiff requested a hearing before an ALJ on July 25, 2018, and retained the Law Office of Charles E. Binder & Harry J. Binder, LLP ("Firm") on October 2, 2019. (Id.) A hearing was held before the ALJ on December 5, 2019, and on February 4, 2020, the ALJ issued a determination that plaintiff was not disabled. (Id.) The Appeals Council subsequently denied plaintiff's request for review on December 7, 2020. (Id.)

On February 5, 2021, plaintiff filed this action pursuant to 42 U.S.C. § 405(g),[2] appealing the Commissioner's decision to deny plaintiff's claim for SSDI and SSI benefits. (Binder Aff. ¶ 3). In connection with the filing of this action, plaintiff entered into a Retainer and Assignment (the "Agreement") with the Firm, agreeing that if plaintiff's appeal was successful and he was awarded past due benefits, the Firm would "receive up to twenty-five percent (25%) of any past due benefits due to [plaintiff and his] family pursuant to 42 U.S.C. § 406 of the Social Security Act." (Id., Ex. A ¶ 1). The Agreement further provided that "[t]hese fees must be approved by the reviewing federal court." (Id.)

On October 7, 2021, plaintiff filed a motion for Judgment on the Pleadings. (ECF Nos. 11). Thereafter, by Stipulation and Order for Remand dated December 3, 2021, the parties agreed that the case should be remanded to an ALJ to offer plaintiff a new hearing, complete the administrative record, and issue a new decision. (ECF No. 15). Based on the parties' stipulation, the Honorable William F. Kuntz, II then issued an Order reversing and remanding the case for further administrative proceedings. (ECF No. 16). Judgment was entered on December 7, 2021. (ECF No. 17).

---

[2] Section 405(g) is made applicable to final determinations regarding SSI benefits by 42 U.S.C. § 1383(c)(3).

On December 10, 2021, the parties filed a stipulation that plaintiff be awarded $5,915.85 in attorney's fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (ECF No. 18). On December 16, 2021, Judge Kuntz So Ordered the parties' stipulation, awarding plaintiff $5,915.85 in EAJA fees. (ECF No. 19).

Following the Court's Order of Remand, the Appeals Council remanded the case to an ALJ for further proceedings on February 25, 2022. (Binder Aff. ¶ 5). In a fully favorable decision dated August 10, 2023, the ALJ found plaintiff disabled since his alleged disability onset date of January 1, 2016. (Id.)

On September 12, 2023, plaintiff filed the instant Motion seeking $47,991.75 in attorney's fees under Section 406(b). (ECF No. 20). In support of the Motion, plaintiff also filed a proposed order (ECF No. 20-1), a Memorandum of Law (ECF No. 20-2), the Certificate of Service (ECF No. 20-3), and the Affirmation of Charles E. Binder (ECF No. 20-4), which included counsel's billing records and other exhibits (ECF No. 20-5). On March 3, 2025, the parties consented to the jurisdiction of the undersigned for all purposes. (ECF Nos. 25, 26).

## DISCUSSION

Section 406(b) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant under this title . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A). Thus, the Court must determine whether the requested fees are reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-08 (2002); Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

Moreover, if the requested fee is based on a contingency fee agreement, it should be enforced unless the agreement is unreasonable. Wells v. Sullivan, 907 F.2d at 372. Although use of the lodestar method became popular in the context of "federal-court adjudication of

disputes over the amount of fees properly shifted to the loser in [a] litigation," the Supreme Court in Gisbrecht v. Barnhart held that the reasonableness check of Section 406 was not intended to "displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." 535 U.S. at 802, 807. This is because Section 406(b) authorizes "fees payable from the successful party's recovery." Id. at 802. Rather than a complete bar, Section 406(b) merely establishes a limit on contingency agreements, with the Supreme Court explaining that "[g]iven the prevalence of contingent-fee agreements between attorneys and Social Security claimants, it is unlikely that Congress, simply by prescribing 'reasonable fees,' meant to outlaw, rather than to contain, such agreements." Gisbrecht v. Barnhart, 535 U.S. at 805. See also Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir. 2022) (citing Wells v. Sullivan, 907 F.2d at 371) (explaining that "because a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case – not an hourly rate determined under lodestar calculations") (internal quotation marks omitted).

When conducting a reasonableness analysis, courts consider the following factors: (1) whether the contingency percentage falls within the 25% cap set by Section 406(b), see, e.g., Gisbrecht v. Barnhart, 535 U.S. at 807 (holding that Section 406(b) "does not displace contingent-fee agreements" so long as the agreed-to fee comprises no more than 25% of a claimant's past-due benefits); (2) the character of counsel's representation and the achieved result (id. at 808); (3) whether counsel is responsible for undue delay (id.); (4) whether there has been fraud or overreaching in making the agreement; and (5) whether the requested amount is so large as to constitute a windfall to the attorney, see Fields v. Kijakazi, 24 F.4th at 853 (citing Gisbrecht v. Barnhart, 535 U.S. at 807 and Wells v. Sullivan, 907 F.2d at 372).

4

To provide further clarity on the windfall factor, the Second Circuit in <u>Fields v. Kijakazi</u> advised that this factor "does *not* constitute a way of reintroducing the lodestar method" and that courts must consider "more than the de facto hourly rate" to determine whether there is a windfall that renders a Section 406(b) fee unreasonable in the context of a particular case.  <u>Id.</u> at 854 (emphasis in original).  The Court in <u>Fields v. Kijakazi</u> instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant – including any representation at the agency level[,]" (3) the claimant's satisfaction, and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."  <u>Id.</u> at 854-56.

In the instant case, the government asserts that, in a September 2, 2023 Notice of Award letter, plaintiff was advised that he was owed benefits and that the Social Security Administration "had withheld $47,991.75 from [p]laintiff's past due benefits to pay a possible attorney fee request."  (Gov't Ltr.[3] at 1).  This represents 25% of plaintiff's past due benefits of $191,967.00.  (<u>See</u> Pl.'s Mem.[4] at 3).

Counsel's motion for fees was then filed on September 12, 2023 – 10 days after the Notice of Award letter – and thus, the request is timely.  <u>See</u> <u>Sinkler v. Berryhill</u>, 932 F.3d 83, 87-88 (2d Cir. 2019) (holding that Rule 54(d)(2)(B)'s 14-day limitations period applies to Section 406(b) filings).  Counsel represents that the Firm expended 26.90 hours on plaintiff's case before the District Court.  (<u>See</u> ECF No. 20-5, Ex. B).  This would yield a de facto hourly rate of $1,784.08, a rate that the Court considers relatively high.  <u>But cf.</u>, <u>Fields v. Kijakazi</u>, 24 F.4th at

---

[3] In its letter filed September 21, 2023 ("Gov't Ltr.") (ECF No. 22), the government also notes that the Commissioner has no direct financial stake in the outcome of counsel's motion and acts more like a "trustee for the claimants."  (<u>Id.</u> at 1 (quoting <u>Gisbrecht v. Barnhart</u>, 535 U.S. at 798 n.6)).  Thus, the Commissioner takes no position on the request for fees under Section 406(b).  (<u>Id.</u>)

[4] Citations to "Pl.'s Mem." refer to plaintiff's counsel's Memorandum of Law in Support of Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), filed September 12, 2023 (ECF No. 20-2).

5

856 (approving a de facto hourly rate of $1,556.98 for the Firm but indicating that hourly rates that are "starkly out of line with de facto hourly rates in other Social Security cases may suggest a windfall"). However, the Court must consider the rate, and the parties' Agreement, within the context of this specific case rather than in the abstract. Id. at 853.

The Court's analysis of the record supports a finding that the Agreement is reasonable, and the fee does not constitute a windfall to plaintiff's counsel. With respect to counsel's qualifications, Daniel S. Jones is a 2010 graduate of New York Law School, who has practiced exclusively in the field of federal court appeals of Social Security disability claims for over a decade. (Binder Aff. ¶¶ 7, 8). Prior to law school, Mr. Jones worked as a non-attorney representing claimants appearing before the Social Security Administration for eight years. (Id. ¶ 8). He expended 23.30 hours on plaintiff's case before this Court. (Id. ¶ 7).

Charles E. Binder, a named partner of the Firm, attests that he has worked "a number of years almost exclusively on Social Security disability cases both at the administrative and federal court level . . . handl[ing] thousands of administrative hearings and federal appeals." (Id. ¶ 10). He has been a regular lecturer on the Social Security Disability program for several legal organizations, including the New York State Bar Association and the *pro bono* panel of the Eastern District of New York. (Id.) Mr. Binder expended 3.6 hours on plaintiff's case before this Court. (Id. ¶ 9).[5]

Plaintiff asserts that Mr. Jones and Mr. Binder are "experts in the area of Social Security law" (Pl.'s Mem. at 2), and indeed, the Second Circuit in Fields v. Kijakazi found that the Firm's "specialization and expertise enabled them to operate especially efficiently." 24 F.4th at 854

---

[5] The Court notes that while counsel includes contemporaneous time records with their motion (see ECF No. 20-5, Ex. B), plaintiff's counsel never specifies the regular hourly rate that each attorney charges. Given the Second Circuit's caution that the lodestar method is not appropriate in this context, this omission is not pertinent.

(reviewing the background and experience of both Mr. Jones and Mr. Binder in detail).  The Fields Court specifically stated that the "relatively high de facto hourly rate of $1,556.98" must be considered in the context of the Firm's expertise, which "allowed it to accomplish in just 25.8 hours what other lawyers might reasonably have taken twice as much time to do . . . it would be foolish to punish a firm for its efficiency and thereby encourage inefficiency."  Id.

It is evident here that counsel achieved an excellent result for plaintiff, who was awarded $191,967.00 in past due benefits because of the Firm's representation.  (Pl.'s Mem. at 3).  There is no indication from the record that counsel was responsible for undue delay in this matter, and the Agreement appears to be standard in this field, rather than the result of fraud or overreaching on counsel's part.

As for the length and nature of counsel's professional relationship with plaintiff, since October 2019, the Firm has represented plaintiff at an ALJ hearing, in proceedings before the Appeals Council, in proceedings before the District Court, and in subsequent proceedings.  (Pl.'s Mem. at 3).  As the Second Circuit noted in Fields v. Kijakazi, "[i]t is quite likely that the significant investment of time and effort . . . at the agency level further enabled Binder & Binder to operate with efficiency in the federal courts."  24 F.4th at 855.

As for the measure of satisfaction of the claimant, plaintiff's counsel suggests that there is no evidence that plaintiff was dissatisfied with the results achieved.  (See Pl.'s Mem. at 3).  See also Fields v. Kijakazi, 24 F.4th at 855 (noting that there was no indication in the record that the claimant had objected to the fee amount, despite having a direct financial stake in the fee determination).  Indeed, the Firm succeeded in establishing that plaintiff is disabled and achieving an award of $191,967.00 in past due benefits.  (Pl.'s Mem. at 3).  Such a favorable result was highly uncertain given the multiple prior denials of plaintiff's benefits claim.  (Id.)

Like the Court in <u>Fields v. Kijakazi</u>, which held that "we are confident that the fee requested by Binder & Binder is not a windfall," this Court has carefully considered the relevant factors as applied to this case and finds that despite the relatively high de facto hourly rate, counsel's requested fee does not rise to the level of a "windfall" that would justify a reduction. 24 F.4th at 856. The Agreement entered into by plaintiff was both reasonable and in line with the congressional limitations placed on Section 406(b) awards.

Finally, the Court notes that counsel previously received an EAJA fee award of $5,915.85, which Judge Kuntz awarded to plaintiff on December 16, 2021. (ECF No. 19). Counsel has agreed to remit the EAJA award to plaintiff upon receipt of the Section 406(b) award requested in this Motion. (Pl.'s Mem. at 4).[6]

## CONCLUSION

Accordingly, the Court grants the Motion and awards plaintiff's counsel $47,991.75 in attorney's fees, pursuant to Section 406(b)(1)(A) of the Social Security Act. Upon receipt of this fee award, counsel shall immediately remit the EAJA fee award to plaintiff.

**SO ORDERED.**

Dated: Brooklyn, New York
March 17, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

[6] Counsel also notes that although the Supreme Court has indicated that the 25% fee cap only applies to court representation fee requests under Section 406(b), and not to the aggregate fees awarded under Section 406(a) and (b), counsel will not seek any additional fees under Section 406(a) if awarded the full amount sought under Section 406(b). (<u>Id.</u> at 3 (citing <u>Culbertson v. Berryhill</u>, 586 U.S. 53, 58-59 (2019))).

8